















GAC    5/9/06    10:23
3:99-CV-02592    RANSOM V. GREENWOOD
*194*
*O.*

1

2                                          06 MAY -8  AM 9: 42

3                                          CLERK, U.S. DISTRICT COURT
                                           SOUTHERN DISTRICT OF CALIFORNIA
4

5                                          BY: _____  DEPUTY

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14   BRYAN E. RANSOM,                    )   Civil No. 99-2592-WQH (AJB)
                                         )
15             Plaintiff,                )
                                         )   **ORDER**
16        v.                             )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19   N. GREENWOOD, et al.,               )
                                         )
20             Defendants.               )
                                         )
21   _____)

22

23        Pending before the Court are Plaintiff's Motions for Writs of Habeas Corpus Ad

24   Testificandum [Doc. No. 182] and Plaintiff's Motion for Leave to file a Sixth Amended

25   Complaint [Doc. No 192].  On May 28, 2006, the Court held a telephonic evidentiary hearing on

26   Plaintiff's Motions for Writs of Habeas Corpus Ad Testificandum.  The Court finds the Motion

27   for Leave to file a Sixth Amended Complaint suitable for submission on the papers and without

28   oral argument pursuant to Civil Local Rule 7.1(d).  The Court now issues the following rulings.

                                    1

1  *I.  Motions for Writs of Habeas Corpus Ad Testificandum*

2                              **BACKGROUND**

3        Pending before the Court are Plaintiff's Motions for Writs of Habeas Corpus Ad

4  Testificandum.  The Court previously ordered Plaintiff to submit a list of witnesses he intended

5  to call during his civil trial.  The Court then ordered Plaintiff to file and serve a sworn affidavit

6  establishing the appropriateness of the issuance of a writ of habeas corpus ad testificandum for

7  each witness.  The Court ordered that the sworn affidavit state (1) what each inmate witness will

8  testify to; (2) how the Plaintiff knows the inmate witnesses will testify to such; and (3) why the

9  testimony is necessary.

10

11        Plaintiff submitted Motions for Writs of Habeas Corpus Ad Testificandum for three

12  inmate witnesses, Mr. Frederick Hayes, Mr. Roosevelt Blanche, and Mr. David Slaughter.

13  Plaintiff stated what each witness was expected to testify to in his Motions.  Defendants opposed

14  the Motions based on hearsay, relevance, and foundation.

15        On May 28, 2006, the Court held a telephonic evidentiary hearing to illicit the potential

16  testimony of each of the inmate witnesses.  The hearing was conducted in open court with

17  counsel for the Defendants appearing in person, the Plaintiff appearing by telephone, and Mr.

18  Hayes, Mr. Blanche, and Mr. Slaughter appearing one at a time, telephonically, respectively. The

19  Plaintiff was permitted to ask each of the witnesses questions.  Defendants' counsel was given

20  an opportunity to cross examine each witness.

21                              **STANDARD**

22        In ruling on a Motion for Writ of Habeas Corpus Ad Testificandum, the Court must

23  balance the relevance and necessity of the testimony against the security risks involved in having

24  the witnesses transported to the Court to testify during trial.  *See Greene v. K.W. Prunty*, 938 F.

25  Supp. 637, 639 (S.D. Cal. 1996) (holding "[i]n order to grant the writ of habeas corpus ad

26  testificandum the Court must determine not only whether an inmate-witness' testimony is

27  relevant, but also, whether such testimony is necessary. This determination depends ultimately

28

1 upon whether the probative value of the testimony justifies the expense and security risk

2 associated with transporting an inmate-witness to court from a correctional facility.")

3 **DISCUSSION**

4 *A.  Mr. Frederick Hayes*

5 Plaintiff offers Mr. Hayes testimony in support of his claim that Defendants discriminated

6 against him, and to show that "they disprove Defendants Greenwood and Noirot's claim that

7 they didn't initiate an ISU investigation against Plaintiff or know anything about Plaintiff's

8 distribution of the Antidote." Motion at 3.

9 During the evidentiary hearing, Mr. Hayes indicated that he recalled seeing an ISU officer

10 with a copy of the Antidote while interviewing Mr. Ransom. *See* Transcript at 12. While there

11 is no evidence to indicate that Mr. Hayes recalls either of the Defendants' involvement in the

12 incident in the yard, the Court finds that some of Mr. Hayes' proffered testimony may be

13 relevant to Plaintiff's lawsuit. However, after carefully weighing each of the relevant factors,

14 the Court finds that the costs and security risks involved in transporting Mr. Hayes to Court

15 outweigh the necessity of his testimony.

16

17 Mr. Hayes is currently incarcerated in Ironwood State Prison in Blythe, California. He

18 was sentenced to prison for life without possibility of parole after being convicted of four counts

19 of attempted first degree murder. The attempted murders took place during a drive by shooting.

20 The Defendants oppose Mr. Hayes being brought to Court to testify based on security reasons

21 because of "the violent nature of [his] crimes, and his lengthy prison term." *See* Opposition at 9.

22 In their Opposition to Plaintiff's Motion, Defendants request that the Court allow the

23 testimony by way of videoconferencing, telephone, or deposition, in lieu of transporting the

24 witnesses to Court to testify during the trial. Ironwood State Prison does not have

25 videoconferencing capabilities. Given the difficulties associated with the witness appearing

26 telephonically, the Court will allow the parties to depose Mr. Hayes by written question pursuant

27 to Federal Rule of Civil Procedure 31.

28

Defendants shall arrange for a deposition of Mr. Hayes to be conducted pursuant to Federal Rule of Civil Procedure 31. The deposition shall be videotaped. Defendants shall absorb the costs associated with the deposition. The parties shall submit a copy of the questions to be asked of Mr. Hayes to Magistrate Judge Battaglia on or before May 23, 2006. Any cross-questions or objections shall be submitted to Magistrate Judge Battaglia on or before May 30, 2006.

The Defendants shall arrange for the deposition of Mr. Hayes to be held on or before June 23, 2006. The deposition questions shall be asked and recorded pursuant to Federal Rule of Civil Procedure 31. Due to the Court's trial calendar, Defendants shall make every effort to serve a certified copy of the deposition transcript on the Plaintiff and the Court before the Final Pretrial Conference scheduled for June 23, 2006. In the event that a transcript cannot be prepared on or before June 23, 2006, Defendants' counsel shall file an Ex Parte Motion for Extension of Time with the Court.

### B. Mr. Roosevelt Blanche

The Court finds that the testimony of Mr. Blanche is not relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiff offers Mr. Blanche's testimony in support of his claim that Defendants discriminated against him, and to show that it will "disprove Defendants Greenwood and Noirot's claim that they didn't initiate an ISU investigation against Plaintiff or know anything about Plaintiff's distribution of the Antidote." Motion at 3. However, Mr. Blanche testified during the evidentiary hearing that while he remembered an investigating officer having a copy of the Antidote, he did not remember the officer's name nor could he identify the officer if he saw him. *See* Transcript at 22-25.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not

4

admissible." Fed. R. Evid. 402.

Because the testimony offer by Mr. Blanche is not relevant, the evidence is not admissible. The Court further finds that the probative value of Mr. Blanche's testimony does not justify the expense and security risk associated with transporting an inmate-witness to court from a correctional facility. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996). Accordingly, the Court will deny Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum with respect to Mr. Blanche.

### C. Mr. David Slaughter

The Court finds that the testimony of Mr. Slaughter is not relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiff offers Mr. Slaughter's testimony in support of his claim that Defendants discriminated against him, and to show that it will "disprove Defendants Greenwood and Noirot's claim that they didn't initiate an ISU investigation against Plaintiff or know anything about Plaintiff's distribution of the Antidote." Motion at 3. However, Mr. Slaughter testified during the evidentiary hearing that he "did not recall" hearing officer's speak of the Antidote, that "memory did not serve [him] at all as far as hearing staff having a conversation based upon that," that he "wasn't in the immediate vicinity," that he "did not hear," that he did not recall mail room staff initiating an investigation, that he "[does not] remember anything about the mail room- any type of situation with the mail room." *See* Transcript at 45-50.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Because the testimony offer by Mr. Slaughter is not relevant, the evidence is not admissible. The Court further finds that the probative value of Mr. Slaughter's testimony does

1  not justify the expense and security risk associated with transporting an inmate-witness to court

2  from a correctional facility. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996).

3  Accordingly, the Court will deny Plaintiff's Motion for Writ of Habeas Corpus Ad

4  Testificandum with respect to Mr. Slaughter.

5  ***II.  Motion For Leave to File Sixth Amended Complaint***

6      Also pending before the Court is Plaintiff's Motion to file a Sixth Amended Complaint.

7  The Court will deny Plaintiff's Motion.

8  **STANDARD**

9      Federal Rule of Civil Procedure 15(a) provides in part: "Otherwise a party may amend the

10  party's pleading only by leave of court or by written consent of the adverse party; and leave shall

11  be freely given when justice so requires." In exercising its discretion to grant leave, a trial court

12  "must be guided by the underlying purpose of Rule 15 - - to facilitate decision on the merits

13  rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

14  186 (9th Cir. 1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to

15  amend the pleadings is freely given unless the opposing party can make a showing of undue

16  prejudice, bad faith or dilatory motive on the part of the moving party. *Foman v. Davis*, 371

17  U.S. at 181-82.

19  **DISCUSSION**

20      The Court will deny Plaintiff's Motion for Leave to Amend.  Amendment at this stage

21  would cause undue prejudice to Defendants.  The cutoff for filing dispositive Motions has

22  passed.  Thus, any newly added Defendant would be prevented from resolving any outstanding

23  legal issues by way of a Motion for Summary Judgment.  In addition, this case is on the eve of

24  trial.  While the Court has not set an actual trial date, the Court has set a Second and Final

25  Pretrial Conference for June 23, 2006 and has ordered a briefing schedule for Motions in

26  Limine. The Court also indicated during the recent evidentiary hearing that a trial date will be set

27  for a date not long after the Final Pretrial Conference.

28      Furthermore, in its Order dated January 13, 2004 granting Plaintiff leave to file his Fifth

6

Amended Complaint, the Court warned Plaintiff that "In light of the age of this case and the number of opportunities he has had to amend his complaint, Plaintiff is hereby cautioned that any future requests for amendment will be scrutinized very closely." *See* Judge Battaglia's Order dated January 13, 2004 at Doc. No. 110. The original Complaint in this matter was filed in 1999. Thus, the Court finds that the age of the case is an additional factor indicating that Plaintiff's Motion for Leave shall be denied.

Accordingly, due to the age of the case, the fact that the case is on the eve of trial, and because of the undue prejudice that Defendants will suffer if leave to amend is granted, the Court will deny Plaintiff's Motion for Leave to file a Sixth Amended Complaint.

### III. Conclusion and Order

The Court will deny Plaintiff's Motions for Writs of Habeas Corpus Ad Testificandum with respect to Mr. Blanche and Mr. Slaughter because the proffered testimony is irrelevant and therefore inadmissable. The Court will deny Plaintiff's Motion for Writs of Habeas Corpus Ad Testificandum with respect to Mr. Frederick Hayes because the security risks of transporting Mr. Hayes to Court outweighs the probative value and necessity of his testimony. The Court will order that Mr. Hayes be deposed by written question pursuant to Federal Rule of Civil Procedure 31.

The Court will deny Plaintiff's Motion for Leave to file a Sixth Amended Complaint due to the stage of the proceedings and the undue prejudice that Defendants will suffer.

The Court will hold a final Pretrial Conference in this matter on June 23, 2006 at 9:00 a.m. before the Honorable William Q. Hayes. The Court will hear oral argument on all motions to exclude evidence during the Final Pretrial Conference. Thus, the parties shall submit any Motions in Limine on or before May 12, 2006 and any Oppositions to Motions in Limine on or before May 26, 2006.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motions for Writs of Habeas Corpus Ad Testificandum [Doc. No. 182] are **DENIED.** Plaintiff's Motions for Writs of Habeas Corpus Ad

Testificandum with respect to Mr. Blanche and Mr. Slaughter are **DENIED** because the proffered testimony is irrelevant and therefore inadmissible. Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum with respect to Mr. Frederick Hayes is **DENIED** because the costs and security risks associated with transporting Mr. Hayes to Court to testify during trial outweighs the necessity of his testimony.

**IT IS FURTHER ORDERED** Defendants shall arrange for a videotaped deposition of Mr. Hayes to be conducted pursuant to Federal Rule of Civil Procedure 31. Defendants shall absorb the costs associated with the deposition. The parties shall submit a copy of the questions to be asked of Mr. Hayes to Magistrate Judge Battaglia on or before May 23, 2006. Any cross-questions or objections shall be submitted to Magistrate Judge Battaglia on or before May 30, 2006. The Defendants shall arrange for a deposition of Mr. Hayes to be held on or before June 23, 2006. The deposition shall be conducted pursuant to Federal Rule of Civil Procedure 31. The Defendants shall make every effort to serve a certified copy of the deposition transcript on the Plaintiff and the Court before the Final Pretrial Conference scheduled for June 23, 2006. In the event that a transcript cannot be prepared on or before June 23, 2006, Defendants' counsel shall file an Ex Parte Motion for Extension of Time with the Court.

**IT IS FURTHER ORDERED** the parties shall submit any and all Motions in Limine **on or before May 12, 2006.**

**IT IS FURTHER ORDERED** all Responses to the Motions in Limine shall be filed **on or before May 26, 2006.**

**IT IS FURTHER ORDERED** the parties shall appear for a Oral Argument on the Motions in Limine and for a Final Pretrial Conference in this matter on **Friday, June 23, 2006 at 9:00 a.m.** before the Honorable William Q. Hayes.

**IT IS FURTHER ORDERED** Defendants' Counsel shall make arrangements for Plaintiff to appear telephonically at the Final Pretrial Conference and Oral Argument on the Motions in Limine.

**IT IS FURTHER ORDERED** Plaintiff's Motion to file a Sixth Amended Complaint

1 [Doc. No. 192] is **DENIED**.

2     **IT IS FURTHER ORDERED** Defendants' Counsel shall fax a copy of this Order to the

3 litigation coordinator at the prison Plaintiff is currently housed in.

4     **IT IS SO ORDERED.**

5

6

7 Dated: ___5/5/06___

8                           **WILLIAM Q. HAYES**
                           United States District Judge

9

10 cc: Magistrate Judge Battaglia

11     All Counsel of Record

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28